IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCUS ODON MCCORMICK,       )
                             )
        Plaintiff,           )
                             )
        v.                   )       1:23CV178
                             )
MICHAEL J. CRUMPLER, et al., )
                             )
        Defendant(s).        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff previously filed a Complaint [Doc. #2] seeking relief under 42 U.S.C. § 1983 and a Motion [Doc. #4] seeking to amend that Complaint. The undersigned entered an Order and Recommendation [Doc. #5] that recommended dismissal of the case based on Plaintiff's failure to submit a complete application to proceed *in forma pauperis*. The Court also noted that the Complaint and proposed amendments contained a number of potential issues regarding their ability to state proper claims for relief and noted that Plaintiff's Motion to Amend was not proper because he had failed to include a proposed Amended Complaint that included all of the claims and parties. Plaintiff subsequently submitted an Application [Doc. #8] to proceed *in forma pauperis* which remedies the defect with his prior submission. He also filed Objections [Doc. #7] stating that he was willing to submit a single complaint setting out all of his claims. As a result, the undersigned entered an Order [Doc. #9] withdrawing the Recommendation that the case be dismissed

and allowing Plaintiff to file an Amended Complaint. The Amended Complaint [Doc. #10] is now before the Court for initial screening.

The Amended Complaint seeks damages from the City of Southern Pines, North Carolina, and two of its police officers based on events related to an arrest and prosecution of Plaintiff. Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v.

2

Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

he was detained.  (Id.)  However, her bond was not revoked.  (Id.)  She was released from Cumberland County in March of 2020 and immediately began contacting Plaintiff.  (Id.)  While Williams was on pretrial release, she was bitten by a spider and contracted a blood infection.  (Id.)  Plaintiff contacted Defendant Crumpler and other persons who are not Defendants, told them of the situation, and asked them to take her into custody for medical treatment in order to save her life.  (Id.)  They did not do so and she died on June 3, 2020 at a hospital in Fayetteville, North Carolina. (Id. at 14.)  After Williams's death, a judge changed Plaintiff's bond to "unsecured" and then the State dismissed his charges on September 16, 2020.  (Id.)

The Amended Complaint appears to attempt raise potential federal law claims under § 1983 against Defendant Crumpler of false arrest or imprisonment, malicious prosecution, violations of the Fourth and Fourteenth Amendments of the United States Constitution, equal protection, fabrication of evidence, and assault.  The Amended Complaint may also be attempting to raise state law claims as to some of those same causes of action as well as intentional and negligent infliction of emotional distress, negligence, obstruction of justice, and violations of the special duty doctrine.  The Amended Complaint seeks to hold Defendants Southern Pines and Marsh liable as Defendant Crumpler's supervisor and employer.  Plaintiff seeks compensatory and punitive damages from all Defendants.

Turning first to Plaintiff's federal claims, the application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context.  See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955).  The statute of limitations in this case is three years.  See Wilson v. Garcia, 471

U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action generally accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955.

Here, all of the facts related to Plaintiff's initial arrest in the motel parking lot, the confiscation of his property, and any misstatement by Defendant Crumpler in an affidavit occurred and were known to Plaintiff at least by November of 2019 at the pretrial hearing described in the Amended Complaint. The statute of limitations for claims based on those facts, with the exception of the malicious prosecution claim which is discussed below, began to run by November of 2019. Therefore, the statute of limitations for those claims expired at the latest in November of 2022. Plaintiff filed his initial Complaint in February of 2023. His claims for false arrest, violations of the Fourth and Fourteenth Amendment related to Defendant Crumpler's search of his person and seizure and search of his property, and any assault related to Plaintiff's arrest, are clearly barred by the applicable statute of limitations. They should be dismissed accordingly.

Two of Plaintiff's attempted federal claims remain. The first is one for equal protection. The Amended Complaint claims that Defendant Crumpler treated Plaintiff and Hannah Williams differently by taking Plaintiff into custody because he had contact with Williams but not taking Williams into custody after she initiated contact with Plaintiff. It

6

Case 1:23-cv-00178-TDS-JEP    Document 12    Filed 10/03/24    Page 6 of 11

appears this continued until at least March of 2020 and within three years of the filing of this action. Therefore, this claim is not time-barred and will be discussed further.

The Amended Complaint alleges that this difference in treatment occurred because he was a "convicted, black male" while Williams was a "nonfelon white female." (Amended Complaint at 15.) The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Typically, equal protection claims involve allegations that the defendants "treated [a plaintiff] differently because he is a member of a suspect class or because he exercised a fundamental right." Renchenski v. Williams, 622 F.3d 315, 337 (3d Cir. 2010). Suspect classes based on race, alienage, or national origin receive strict scrutiny, while classes based on gender and illegitimacy receive lower, but still heightened, scrutiny. City of Cleburne, 473 U.S. at 439–41. As an initial matter, felons are not a protected class and any difference in treatment of felons and nonfelons for purposes of bond and release decisions would pass the rational basis scrutiny required for claims not based on a protected class. City of Cleburne, 473 U.S. at 439–40. Plaintiff also attributes the difference in treatment to his and Williams's race and gender, which would require greater scrutiny if used as factors for differing

7

treatment. However, Plaintiff makes nothing more than a conclusory assertion in this regard. The Amended Complaint contains no facts supporting a conclusion that the decision to leave Williams out on bond while revoking Plaintiff's bond was related to race or gender. Further, their felon/nonfelon statuses, the fact that Williams was a potential State's witness against Plaintiff, and the fact that the authorities viewed Williams as a victim of Plaintiff and not vice versa, all provided legitimate reasons for the different treatment. No actual facts in the Amended Complaint suggest that Defendants actions were motivated by race or gender as opposed to the legitimate differences between Plaintiff and Williams. The Amended Complaint does not state any claim based on equal protection.

Plaintiff's other remaining claim is for malicious prosecution. Strictly speaking, a "malicious prosecution" claim does not exist under § 1983, but an analogous claim arises under the Fourth Amendment of the United States Constitution. Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir. 2009); Brunson v. Stein, __ F.4th __2024 WL 4194151 (4th Cir. Sept. 16, 2024) ("A § 1983 claim generally derives its "elements of damages and the prerequisites for their recovery" from whatever common-law tort is most analogous to that § 1983 claim." (quoting Heck v. Humphrey, 412 U.S. 477 ("The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here because, unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process."))). As explained by the Court of Appeals for the Fourth Circuit:

> A § 1983 malicious prosecution claim "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Evans v. Chalmers, 703 F.3d 636, 647

8

> (4th Cir. 2012) (citation omitted). To succeed, a plaintiff must show that the defendant "(1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in [the] plaintiff's favor." Id. A party challenging the veracity of a warrant application must show that the officers made "material false statements in the warrant application" either deliberately or with a "'reckless disregard for the truth,'" Humbert v. Mayor & City Council of Balt. City, 866 F.3d 546, 556 (4th Cir. 2017) (citing Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)), or omitted from that application, "material facts with the intent to make, or with reckless disregard of whether they thereby made, the [application] misleading." Humbert, 866 F.3d at 556 (citation omitted).

Hicks v. Anne Arundel County, 110 F.4th 653, 660-61 (4th Cir. 2024). Favorable termination means broadly that a prosecution ended without a conviction. Thompson v. Clark, 596 U.S. 36, 49 (2022). The statute of limitations does not begin to run until after the favorable termination of the charges. Owens v. Baltimore City State's Attorneys Office, 767 F. 3d 379, 390 (4th Cir. 2014). Plaintiff alleges that the State dismissed the charges against him in September of 2020 after Williams passed away in June of that year. Therefore, he filed this action within three years of the dismissal so that his malicious prosecution claim is not time barred.

However, the claim fails for another reason. The Court previously informed Plaintiff that it was not sufficient to make conclusory references to false or fabricated evidence without setting out the factual basis for the claims, and the Court cautioned Plaintiff to set out facts to support his claims. (Order [Doc. #2, #9].) Plaintiff has still failed to do so. Nothing in the Amended Complaint demonstrates that Defendants ever knew or believed Petitioner to be innocent, nor does the Amended Complaint describe any materially false statements supporting the legal process made deliberately or with reckless

9

disregard for the truth. In fact, the Amended Complaint is almost entirely silent as to the events leading to Plaintiff's arrest and prosecution.[1] Defendants apparently believed that Plaintiff was using Williams to perform acts of prostitution at the hotel where Plaintiff was arrested. However, the Complaint sets out no facts demonstrating that this was false or that they knew it to be false. In fact, charges were dismissed not because Defendants became aware of Plaintiff's innocence, but because Williams, his alleged victim and a potential witness against him, died. The Amended Complaint does include an allegation that law enforcement somehow "entrapped" Williams by stating in a conversation via text message that they were not with law enforcement when she asked whether they were. (Amended Complaint at 12.) It is not clear how this entrapped Williams or affected charges against Plaintiff. In any event, undercover law enforcement does not have to identify themselves simply because a suspect asks if they belong to law enforcement. The Amended Complaint fails to state a successful claim for malicious prosecution. All of Plaintiff's federal claims should be dismissed as being frivolous or for failing to state a claim upon which relief may be granted.

As for Plaintiff's potential state law claims, in light of the recommended dismissal of Plaintiff's federal claims, the state law claims should be dismissed without prejudice to

---

[1] Plaintiff does allege that an affidavit "intentionally stated falsely that 'Hannah Williams on date of arrest was interviewed by Detective Coleman and Detective J. Perry in room 128'", but that she was in fact "only interviewed by Detective Crumpler" at that time (Amended Complaint at 12). However, there is no indication how this distinction was material or what substantive information about Defendant or the charges was included in the affidavit that was not true. Moreover, the affidavit was attached to the prior Complaint [Doc. #2], incorporated by Plaintiff in the Amended Complaint, and was an affidavit to support a search of Plaintiff's phone, not a probable cause affidavit or a statement in support of the charges.

him pursuing them in state courts if he wishes to do so. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); 28 U.S.C. § 1367(c)(3).

Plaintiff has also filed a Motion to Expedite, which is now moot and will therefore be denied.

IT IS THEREFORE RECOMMENDED that Plaintiff's claims under federal law be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or for failing to state a claim upon which relief may be granted and that his state law claims be dismissed without prejudice to him pursuing them in the state courts.

IT IS ORDERED that Plaintiff's Motion to Expedite [Doc. #11] is DENIED AS MOOT.

This, the 3rd day of October, 2024.

/s/ Joi Elizabeth Peake
Joi Elizabeth Peake
United States Magistrate Judge